UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARCH ASSOCIATES CONSTRUCTION, INC. : : : | |
| v. : | C.A. No. 20-00506-WES |
| : PAWTUCKET DEVELOPMENT GROUP, LLC, et al. : : | |

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) are Defendant Pawtucket Development Group, LLC's ("Pawtucket") Motion for Protective Order (ECF No. 31) and Plaintiff March Associates Construction, Inc.'s ("March") Motion to Enforce Compliance with Subpoenas. (ECF No. 34). A hearing was held on August 17, 2022.

This is a construction dispute related to a mill redevelopment project. Plaintiff March was formerly the Project Construction Manager and Defendant Pawtucket is the Project Developer. In a nutshell, March alleges that it was contractually entitled to terminate the Project Agreement because Pawtucket materially breached it by, inter alia, failing to pay for work performed, causing delays, and failing to secure necessary project financing. March claims damages in the amount of $1,344,531.42 for unpaid bills and uncompensated work on the project. Pawtucket counterclaims alleging, inter alia, that March breached the Project Agreement by performing defective and incomplete work on the project and by abandoning the project. Pawtucket claims damages in the amount of $3,275,840.96 which include the cost to complete the project, costs to correct March's allegedly defective work, and amounts paid to March for work not performed.

This discovery dispute relates to four document subpoenas served by March on non-parties. March reasonably describes these as "routine discovery…on Pawtucket's financing (or lack

thereof) for the project at all relevant times, and March's supposed incomplete or deficient work." (ECF No. 32 at p. 6).  The subpoenas in issue were served by March on Arc Building Partners, LLC ("Arc") (the replacement Construction Manager hired by Pawtucket), Odin Properties, LLC[1] ("Odin") (Pawtucket's now co-developer on the project), and two transactional law firms (Rosenblum Goldenhersh, PC and McLaughlin Quinn, LLC) who have represented and done work for Pawtucket in connection with the project.  March reasonably asserts that the law firms and Odin likely have discoverable information regarding its claims such as Pawtucket's financing and ability to pay March, and that Arc and Odin likely have discoverable information regarding Pawtucket's counterclaims such as March's claimed work deficiencies and the cost to fix the problems and finish the project.  Pawtucket does not dispute that these entities possess relevant documents and thus the only areas of dispute are the breadth of the subpoenas and the burdens of production.  To the extent there are any concerns regarding confidentiality or privilege, there is already a Confidentiality Protective Order in place (ECF No. 23) and any privilege issues can be addressed via the privilege log process.  See Rule 45 (e)(2), Fed. R. Civ. P.

First, at to Pawtucket's Motion for Protective Order, March initially raises a standing issue.  Rule 26 (c)(1) permits a party or person "from whom discovery is sought" to seek a protective order from the Court subject to a good cause showing.  Pawtucket is the movant, and the subpoenas in issue do not seek discovery directly from Pawtucket.  While the subpoenaed entities have lodged objections to the breadth of the document requests, they have not affirmatively moved this Court for relief under either Rule 26 or Rule 45.  Under these circumstances, the Court finds that Pawtucket has a sufficient interest in documents held by its attorneys and business "partners" on

---

[1] Although Odin objected to March's Motion to Enforce and to the breadth of its document subpoena, it is apparently working with March regarding its Objections and the scope of production.  Thus, March has withdrawn its Motion as to Odin, without prejudice.  (ECF No. 47).  This development begs the question as to whether March and the other subpoenaed entities have sufficiently exhausted their "meet and confer" obligations.

this project to survive this standing challenge.  However, Pawtucket's Motion fails to make a sufficient "good cause" showing to warrant the entry of a blanket protective order as to such subpoenas and, more to the point, the Court is unclear what Pawtucket is specifically seeking in terms of relief.  Pawtucket does not offer a form of proposed Protective Order and simply asks for a protective order to issue "in connection with" March's four subpoenas.  (ECF No. 31 at p. 15).  If the intent is that the subpoenas be quashed, then the relief sought is too extreme since the parties agree that the subpoenaed entities possess some relevant documents.  Pawtucket asserts that the Court "should limit this discovery sought by March" but offers no specific proposed limits that might form the basis of a useful and rational protective order.  Id.  If Pawtucket anticipated that the Court would independently create and impose such limitations, that is simply not a workable solution in this complex case since the Court does not presently possess the necessary and detailed information about the status and practicalities of discovery in this matter to effectively do so.  Accordingly, Pawtucket's Motion for Protective Order (ECF No. 31) is DENIED as unsupported.

Turning to March's Motion to Enforce Compliance, it has been objected to by Arc (ECF No. 39) and now withdrawn as to Odin (ECF No. 47).  The two law firms did not appear at the hearing or file any pleadings in opposition to the Motion and, according to Pawtucket's counsel, were awaiting the Court's ruling on the Motion for Protective Order.  While March's description of the scope of its "routine" discovery and relevance to the claims and counterclaims in this case is reasonable on its face, there is somewhat of a disconnect between that reasonable description and its broadly worded document requests.  There is, and should be, room for a more robust and productive meet and confer process to bridge that gap.  The work done in good faith by Odin's counsel to work with March and move things along is proof that it can and should be done as to Arc and the law firms as well.  Accordingly, March's Motion to Enforce Compliance (ECF No.

34) is DENIED without prejudice. The parties and subpoenaed entities are ORDERED to promptly meet and confer further in good faith regarding these subpoenas towards a reasonable and proportional path to production of the relevant, non-privileged documents apparently held by Arc and the law firms.

At the hearing, counsel for March suggested that the breadth of its requests was necessary in part due to the breadth of Pawtucket's counterclaims and the claimed lack of specificity in Interrogatory Responses from Pawtucket about the bases for its counterclaims. March's counsel suggested the possibility of reversing the order of discovery with an early exchange of expert reports which might aid in crystalizing the respective claims and focusing fact discovery thereafter. Pawtucket's counsel also endorsed that as a possibility but subject, of course, to conferring with his client and co-counsel. Although the Court is disinclined to order such a reversal at this point, it sounds like a creative and potentially productive way to move this case along and further both parties' interests in controlling discovery costs and reducing the interference of this litigation on the ongoing project. If the parties explore this possibility and reach a consensus, they are free to submit a proposed schedule to the Court by stipulation.

CONCLUSION

For the foregoing reasons and with the directives set forth herein, Defendant's Motion for Protective Order (ECF No. 31) is DENIED as unsupported and Plaintiff's Motion to Enforce Compliance (ECF No. 34) is DENIED without prejudice.

SO ORDERED

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 19, 2022